UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

Case No: 09-20523-02

v.

MICHAEL ROBERT SZEMITES
_____/

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.     Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

_X_     (1)     The Government moved for detention at the Defendant's first appearance pursuant to:

    _X_     18 U.S.C. § 3142(f)(1).

    ___     18 U.S.C. § 3142(f)(2).

___     (2)     A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2).  See part D for findings.

**B.     Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

___     (1)     The Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

___     (2)     The offense described in finding was committed while the Defendant was on release pending trial for a federal, state or local offense.

__ (3) A period of less than five years has elapsed since

  __ the date of conviction, **or**

  __ the Defendant's release from prison for the offense described in finding (B)(1).

__ (4) Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**C.   Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that the Defendant has committed an offense:

_X_ for which a maximum prison term of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 *et seq.*)[1], **or**

__ under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

__ listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

__ listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

__ involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

**D.   Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

__ (1) There is a serious risk that the Defendant will not appear.

__ (2) There is a serious risk that the Defendant will endanger the safety of another person or the community.

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

---

[1] Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

    \_\_    by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

    \_\_    by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the Defendant's appearance; **or**

    <u> X </u>    both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(i):**

Having concluded that the Government timely moved for detention pursuant to 18 U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f), and that a rebuttable presumption in favor of detention applies in this case, the Court must next consider whether there is sufficient evidence on the record to rebut the presumption under the factors set forth in subsection § 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense charged involves narcotic drugs, specifically marijuana. I find that, from the grand jury having returned an Indictment, there is a definite weight of evidence, at least rising to probable cause, supporting the charges against Defendant.

As to subsection 3142(g)(3), I find that Defendant is currently single, 32 years of age and has no children. Defendant lists an address on Laird St. in Mount Morris Michigan; however, it appears that in actuality he has no steady address, as his mother verified that he spends only two to three days a week at this address. Pretrial Services reports that Defendant receives his mail at yet another address, which is said to be that of his sister. While Defendant has in fact spent most of his life in the Genesee County area, I conclude that he has no regular address. Defendant is self-employed, working 30 to 40 hours a week

as a construction laborer.  He has previously worked at a restaurant, and defense counsel proffers that, if released, Defendant could obtain employment at a local fast food restaurant.  Preliminary urinalysis testing returned a positive result for marijuana.

Between 1997 and 2007, Defendant was convicted of a series of misdemeanor traffic violations, including: operating under the influence, two convictions for operating while impaired, one for driving while license suspended, one for no proof of insurance, and one for failure to display a valid license.  In 2001, Defendant was charged in Florida with driving under the influence, which is a misdemeanor under Florida law.  Defendant appeared for his initial appearance on that charge in September 2001, and was placed on bond.  Defendant failed to appear for any subsequent court proceedings in that matter and a warrant for his arrest was issued in October 2001 for violating his conditions of bond.  Another warrant was issued one month later for failure to appear and for contempt of court.  Both warrants remain outstanding.

In 2004, Defendant pled guilty to misdemeanor possession of marijuana and was placed on one year probation with conditions, including drug testing.  Within four months, Defendant was charged with violation of probation for his refusal to submit to urinalysis testing.  Defendant pled guilty to that violation and was sentenced to 30 days in jail.  Defendant was given a date in October 2004 for his surrender, but he failed to appear.  Defendant was found in contempt of court and ultimately ordered to serve additional time in jail.  In April 2005, Defendant violated his probation a second time.  He again he failed to appear, and was arrested on a warrant more than two years later.  He was sentenced to additional jail time and was discharged in October 2007 with a notation that he had unsuccessfully completed probation.

Defendant has never before faced either a mandatory 10-year imprisonment or the potential for life imprisonment, without release.  These facts constitute a set of incentives to

flee never before faced by Defendant, particularly as he has no steady address and effectively has no ties to this community. Moreover, since Defendant appears completely unable to abide by the conditions of probation in a series of misdemeanor cases, I fail to discern any likelihood that he would abide by conditions of bond in a much more serious case.

For these reasons, I find that the presumption in favor of detention has not been rebutted on the evidence presented. I further find that even if it had been rebutted, in light of Defendant's repeated failure to follow court supervision at any level, there are no conditions, nor any combination of conditions, which I could set that would reasonably assure either the safety of the community or Defendant's appearance as required. Therefore, the motion to detain is **GRANTED.**

**Part III - Directions Regarding Detention**

The Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the Defendant to the United States marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

    s/ Charles E. Binder
CHARLES E. BINDER
Dated: November 17, 2009    United States Magistrate Judge

## **CERTIFICATION**

    I hereby certify that this Order was electronically filed this date, electronically served on Roy Kranz and Albert Zerka, and served on Pretrial Services and the U.S. Marshal's Service in the traditional manner.

Date: November 17, 2009        By    *s/Jean L. Broucek*
                                           Case Manager to Magistrate Judge Binder